**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

SunTrust Mortgage, Inc., Respondent,

v.

Cathy G. Lanier, Randy D. Lanier, Branch Banking and Trust Company, and Job Development Loan Fund, Inc., Defendants,

Of whom Cathy G. Lanier and Randy D. Lanier are the Appellants.

Appellate Case No. 2016-000613

_____

Appeal From Lexington County
James O. Spence, Master-in-Equity

_____

Unpublished Opinion No. 2019-UP-310
Submitted March 5, 2018 – Filed August 28, 2019

_____

**AFFIRMED**

_____

Geoffrey Kelly Chambers, of Green Cove Springs, Florida, for Appellants.

Lawrence Michael Hershon and Katon Edwards Dawson, Jr., both of Parker Poe Adams & Bernstein, LLP, of Columbia, for Respondent.

**PER CURIAM:** In this foreclosure action, Cathy and Randy Lanier (collectively, Appellants) appeal an order granting summary judgment in favor of SunTrust Mortgage, Inc. (SunTrust Mortgage) as to Appellants' counterclaims. Appellants assert the master-in-equity erred in (1) finding Appellants lacked standing to bring claims in their individual capacities; (2) finding Appellants' claim for violation of the Real Estate Settlement Procedures Act[1] (RESPA) arose prior to their filing for Chapter 13 bankruptcy; (3) finding the statute of limitations barred Appellants' RESPA claim; (4) finding Appellants' slander of title claim failed; (5) finding Appellants failed to state a claim for violation of the Fair Debt Collection Practices Act[2] (FDCPA); (6) substituting SunTrust Mortgage for Wells Fargo Bank, N.A. (Wells Fargo); and (7) declining to rule on whether equity requires that SunTrust Mortgage substantiate Appellants' debt. We affirm.[3]

**Facts and Procedural History**

In 1997, Appellants executed and delivered a promissory note (the Note) secured by a mortgage (the Mortgage) encumbering three parcels of real property (the Property) to Heritage Federal Savings and Loan Association (Heritage Federal). Heritage Federal subsequently became SunTrust Banks, Inc. (SunTrust Bank), which assigned the Note to SunTrust Mortgage; SunTrust Mortgage endorsed the Note in blank. Thereafter, SunTrust Mortgage transferred the Note to Wells Fargo.

Appellants defaulted in September 2010, and on January 14, 2011, Wells Fargo initiated a foreclosure action. Appellants answered and subsequently filed an amended answer without Wells Fargo's consent or leave of court. Wells Fargo later sought an order of reference; the circuit court referred the case to the Lexington County Master-in-Equity on July 12, 2011.

Appellants were also indebted to Bayview Loan Servicing, LLC and Branch Banking and Trust Company of South Carolina (BB&T) by virtue of a second mortgage on the Property, for which a separate judgment of foreclosure and sale was entered on October 7, 2011. As a result of this action, Randy Lanier filed for

---

[1] 12 U.S.C. §§ 2601–2617 (2012 & Supp. V 2017).

[2] 15 U.S.C. §§ 1692–1692p (2012 & Supp. V 2017).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.

bankruptcy under Chapter 13 of the Bankruptcy Code in the United States District Court for South Carolina on November 3, 2011, thereby staying the foreclosure action. After a hearing on November 7, 2011, the bankruptcy court dismissed this bankruptcy petition.[4]

On November 8, 2011, Appellants jointly filed for bankruptcy under Chapter 13 of the Bankruptcy Code. Although the schedules attached with their bankruptcy petition required Appellants to list as personal assets "other contingent and unliquidated claims of every nature," Appellants marked "none." On January 3, 2012, the bankruptcy court dismissed Appellants' bankruptcy petition with prejudice and prohibited them from filing under Chapter 11, 12, or 13 of the Bankruptcy Code for a period of one year.[5] Once the automatic stay was lifted, Wells Fargo proceeded with its foreclosure action.

During the pendency of the bankruptcy litigation, Wells Fargo transferred the Note and Mortgage to SunTrust Bank, which assigned the Note and Mortgage to SunTrust Mortgage on March 16, 2012.

On July 12, 2012, Appellants filed a second motion to amend, asserting counterclaims for violations of the Truth in Lending Act, RESPA, and the FDCPA; slander of title; lack of good faith and fair dealing; violation of the South Carolina Unfair Trade Practices Act; "fraud and swindle"; civil conspiracy; and violation of the Racketeer Influenced and Corrupt Organizations Act. On August 7, 2012, Appellants filed a third motion to amend.

On August 29, 2012, Wells Fargo moved to substitute SunTrust Mortgage as the plaintiff and real party at interest. On September 6, 2012, Appellants filed a fourth motion to amend their answer, realleging their counterclaims and opposing the motion to substitute SunTrust Mortgage as the real party in interest. On September 14, 2012, SunTrust Mortgage filed a motion for summary judgment and a memorandum in opposition to Appellants' motion to amend. On December 10, 2012, Appellants filed a fifth motion to amend. On November 8, 2013, the master

---

[4] Appellants did not appeal this order. A number of the filings Appellants reference in their briefs—including this order of the bankruptcy court—were not included in the record on appeal.

[5] SunTrust Mortgage contends the bankruptcy court dismissed Appellants' November 8, 2011 bankruptcy petition as a bad faith filing.

held a hearing to address the outstanding motions.  On May 20, 2014, Appellants filed their sixth motion to amend, again requesting that the master allow them to assert the aforementioned counterclaims against SunTrust Mortgage.  On July 1, 2014, SunTrust Mortgage filed another motion for summary judgment and a memorandum in opposition to Appellants' motion to amend.[6]

On March 18, 2015, the master granted SunTrust Mortgage's motion for summary judgment as to Appellants' counterclaims, denied Appellants' motions to amend, substituted SunTrust Mortgage as the foreclosure plaintiff, and dismissed SunTrust Mortgage's foreclosure action.  Specifically, the master found (1) Appellants lacked standing to pursue their counterclaims due to their failure to disclose the claims as required during their bankruptcy actions; (2) Appellants' claim for violation of RESPA was barred; (3) the lis pendens was a privileged communication not subject to a claim for slander of title; and (4) Appellants failed to allege facts sufficient to state a cause of action for violation of the FDCPA.

Thereafter, Appellants filed a Rule 59(e), SCRCP, motion to alter or amend.  Following a hearing, the master denied the motion for the same reasons it granted summary judgment in favor SunTrust Mortgage; however, the master further found judicial estoppel barred Appellants' counterclaims.

**Standard of Review**

"Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

---

[6] When SunTrust Mortgage moved to substitute pursuant to Rule 25(c), SCRCP, Appellants argued substitution was improper because an action must be commenced by the "real party in interest."  On appeal, however, Appellants argue Wells Fargo was improperly dismissed because there was no evidence of a merger between Wells Fargo and SunTrust Mortgage.  Because this "merger" argument was not previously raised to or ruled upon by the master, we find this issue is not properly preserved for appellate review.  *See State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (explaining that an issue is not preserved for appeal where one ground is raised below and another ground is raised on appeal); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

entitled to a judgment as a matter of law.'" *M & M Grp., Inc. v. Holmes*, 379 S.C. 468, 473, 666 S.E.2d 262, 264 (Ct. App. 2008) (quoting Rule 56(c), SCRCP). "A court considering summary judgment neither makes factual determinations nor considers the merits of competing testimony; however, summary judgment is completely appropriate when a properly supported motion sets forth facts that remain undisputed or are contested in a deficient manner." *Id.* (quoting *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 250, 626 S.E.2d 1, 5 (2006)).

**Law and Analysis**

Appellants argue the master erred in relying on *In re Iredale*, 429 B.R. 853 (Bankr. D.S.C. 2010), to support its finding that Appellants lacked standing to assert their counterclaims because they failed to disclose the potential counterclaims in conjunction with their Chapter 13 bankruptcy filings. We disagree.

"The commencement of a case under [Title 11 of the Bankruptcy Code] creates an estate." 11 U.S.C. § 541(a) (2012 & Supp. V 2017). Section 541 of the Bankruptcy Code defines the bankruptcy estate as including "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). "Section 541 is intended by Congress to give as broad a scope as possible to what constitutes 'property of the estate.'" *In re Iredale*, 429 B.R. at 855 (quoting *United States v. Whiting Pools*, Inc., 462 U.S. 198, 203 (1983)). "The bankruptcy estate is comprised of a broad range of both tangible and intangible property interests. *Id*. § 541(a). Such property interests include non-bankruptcy causes of action that arose out of events occurring prior to the filing of the bankruptcy petition." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 342 (4th Cir. 2013). Because full disclosure by debtors is essential to the proper functioning of the bankruptcy system, the Bankruptcy Code severely penalizes debtors who fail to disclose assets; undisclosed assets automatically remain property of the estate even after the case is closed. *See* 11 U.S.C. § 554(c) (2012) ("Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."); 11 U.S.C. § 554(d) (2012) ("Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.").

In *Iredale*, a debtor moved to amend his answer to assert counterclaims for negligence and negligent misrepresentation against a foreclosing bank. The bank sought to have the bankruptcy court declare nondischargeable the debtor's

deficiency, which remained after the bank's prepetition foreclosure of his real property. 429 B.R. at 854. *Id.* Because the causes of action the debtor sought to assert against the bank by way of counterclaim existed prepetition, and the debtor had failed to disclose them on the lists, schedules and statements as required by 11 U.S.C. § 521(a), the bankruptcy court denied the debtor's motion to amend his answer, determining he had "no right to assert his claims and that any amendment to add his counterclaims would be futile." *Id.* at 855–56

Although not binding precedent, this court is guided by its previous decision in *MidFirst Bank v. Brooks*, Op. No. 2008-UP-196 (S.C. Ct. App. filed Mar. 20, 2008). There, the debtor conceded she inadvertently failed to include her counterclaims against the foreclosing bank in her Chapter 13 bankruptcy schedule. *Id.* The debtor argued her responsive pleadings "were a matter of record prior to the bankruptcy and the simple mistake of not listing should not result in the complete loss of [her] right to contest a foreclosure and specific defenses of tendered payment when evidence exist[ed] the allegations of nonpayment [we]re not true." *Id.* This court held "the grant of summary judgment was proper based on the determination that [the debtor] lacked standing to assert the defenses and counterclaims that she raised in her responsive pleadings." *Id.*

Although Appellants may have had standing to bring their counterclaims had they included those claims in their Chapter 13 bankruptcy petition, they failed to do so. *See Wilson*, 717 F.3d at 343 (holding a Chapter 13 debtor possesses standing to maintain a non-bankruptcy cause of action on behalf of the estate); *In re Iredale*, 429 B.R. at 856 ("Generally, however, the failure to disclose a suit or cause of action existing at the time of bankruptcy against a third party, in a debtor's bankruptcy proceeding, prevents that debtor from pursuing that undisclosed lawsuit."). Unlike the Chapter 13 debtor in *Wilson*, who listed a potential claim with an unknown value against his employer, Appellants in this case marked "none" where they were required to list as personal assets any "other contingent and unliquidated claim of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." *See Wilson*, 717 F.3d at 341; *see also MidFirst Bank*, Op. No. 2008-UP-196 (affirming the master's summary judgment order as properly "based on the determination that [the debtor] lacked standing to assert the defenses and counterclaims that she raised in her responsive pleadings" because she "inadvertently" failed to disclose them in her Chapter 13 bankruptcy action).

We affirm the master's determination that Appellants' counterclaims "remain the property of the estate and [Appellant] lack standing to assert any unreported claim that existed" before they filed for bankruptcy. As an additional sustaining ground,

we affirm the master's order granting summary judgment in favor of SunTrust Mortgage because Appellants failed to appeal the master's ruling that Appellants were judicially estopped from asserting their counterclaims.  Thus, the two issue rule applies, and this ruling is the law of the case.  *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."), *abrogated on other grounds by Repko v. Cty of Georgetown*, 424 S.C. 494, 818 S.E.2d 743 (2018).  Therefore, we find the master's unappealed ruling is the law of the case, and this unchallenged ruling requires that we affirm the master's grant of summary judgment in favor of SunTrust Mortgage.

Accordingly, the master's decision is

**AFFIRMED.**

**HUFF, KONDUROS, and MCDONALD, JJ., concur.**